IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

      Plaintiff,             No. CIV S-08-1344 EFB

    vs.

DAVID MEDINA,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  His June 1, 2008 complaint claims that defendants Doctors Medina, James and Waterman were deliberately indifferent to plaintiff's serious medical needs by refusing to provide required medications.  It also claims that defendant Hitchcock was deliberately indifferent to plaintiff's serious medical needs by confiscating necessary medical devices from plaintiff's cell, and that Doctor Medina in one instance refused treatment in retaliation for plaintiff's exercise of his First Amendment rights.

      Currently pending is plaintiffs September 11, 2008, motion for a preliminary injunction. The motion requests an order directing that he be transferred to an institution that can provide better mental health services and where he will be safe from attacks at the hands of guards and fellow prisoners alike.  For the reasons explained below, the court finds that plaintiff is not

entitled to a preliminary injunction.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

////

1    Plaintiff has not submitted any evidence in support of the merits of his claims.  For

2    example, in the complaint he does not clearly identify the nature of his medical needs.  He has

3    not submitted with the motion currently under consideration any evidence showing that he in fact

4    requires certain medications, defendants knew this and that they in fact refused to provide them.

5    Neither has he submitted any evidence to show that defendant Hitchcock confiscated various

6    medical appliances that plaintiff required and that the confiscation was unjustified.  *Estelle v.*

7    *Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Finally, there

8    is no evidence that in one instance Doctor Medina denied medication to plaintiff primarily

9    because plaintiff refused to withdraw a grievance.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-

10   68 (9th Cir. 2005).  Plaintiff therefore has failed to demonstrate he is likely to prevail on the

11   merits.  Assuming he has met at least the minimum threshold of demonstrating a serious

12   question, i.e. a fair question for litigation, he has not shown that the balance of hardships tips

13   sharply in his favor.

14          Turning to the relative burdens involved, plaintiff alleges that defendants have threatened

15   him, attacked him and caused other prisoners to attack him.  But he has not submitted any

16   evidence to substantiate these allegations.  He asserts that his life is in danger, explaining that "I

17   am disliked because of my race (Mexican) staff has used racial remarks to me."  Pl. Mot. for Inj.

18   Relief, at 1.  But nothing in the motion suggests that plaintiff is in imminent danger of

19   irreparable harm because of defendants' actions.  Plaintiff also asserts that he is not receiving

20   adequate mental health care.  However, nothing in the record suggests that mental health care is

21   an issue in this case, or that plaintiff even has a mental illness or disorder that requires treatment.

22   Thus, the court cannot find that plaintiff is in imminent danger of irreparable harm and that an

23   order to transfer him is necessary to remedy that imminent danger.  It is important to note that

24   plaintiff seeks a mandatory preliminary injunction, i.e., an order directing that he be transferred

25   to a different facility.  He therefore must clearly demonstrate that the balance of hardships tips

26   decidedly in his favor.  Granting the order plaintiff seeks would entail significant hardship in that

it would require a search for a facility that had space for plaintiff and could accommodate his needs, such as they are.  Given the absence of support for plaintiff's allegations, the court cannot find that plaintiff comes close to satisfying the applicable standards.  Moreover, it is not at all clear that the individually named defendants in this action have any authority to effect plaintiff's transfer.  Thus, it is possible that the court simply could not could grant the relief plaintiff seeks.  Plaintiff has failed to demonstrate that he is entitled to a preliminary injunction.

Accordingly, it is hereby ordered that plaintiff's September 11, 2008, motion for a preliminary injunction is denied.

Dated:  November 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE