IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

    Plaintiff,                      No. CIV S-08-1344 EFB

    vs.

DAVID MEDINA, et al.,

    Defendants.                <u>ORDER AND FINDINGS
AND RECOMMENDATIONS</u>

                                    /

Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a claim that defendants Dr. David Medina, Dr. James, Dr. Rita

Waterman, the Chief Medical Officer and Officer Hitchcock were deliberately indifferent to plaintiff's serious medical needs and that Dr. David Medina retaliated against plaintiff. *See* 28 U.S.C. § 1915A.

For the reasons explained below, the complaint does not state a cognizable claim against defendants Sergeant E. Simmerson, Captain Patrick Cochran, or the High Desert State Prison ("HDSP") ICC.

Plaintiff alleges that defendant Sergeant E. Simmerson made a formal accusation falsely stating that plaintiff planned to attack other prisoners and that defendant Captain Patrick Cochran threatened to arrange for other prisoners to kill plaintiff. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim for the deprivation of procedural due process, plaintiff must allege a defendant deprived him of a liberty interest, which may arise independently under the due process clause or as freedom from state deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). A prisoner has no interest in freedom from false disciplinary accusations. *Hines v. Gomez*, 108 F.3d 265, 268-69 (9th Cir.1997). In order to state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere threats alone do not violate the Eighth Amendment. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987). Plaintiff's allegations are insufficient to state a claim under the

applicable standards.

Turning to the HDSP ICC, plaintiff fails to state a claim. Plaintiff does not explain what an "ICC" is. Insofar as this term refers to an institutional classification committee, *see* Cal. Code Regs. tit. 15, § 3376(b), plaintiff cannot state a claim against it. As explained above, 42 U.S.C. § 1983 creates a cause of action against *persons*. A state agency is not a person for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). It follows that neither can a committee within an agency be a "person." An institutional classification committee is simply an entity within a state agency, i.e., the California Department of Corrections and Rehabilitation. Thus, plaintiff may allege that identified members of a classification committee violated his right, but he cannot sue any committee as a disembodied entity. This defendant must be dismissed.

With respect to plaintiff's claim against the Chief Medical Officer of HDSP, the court declines to direct service of process at this time. It is not clear from the complaint whether one of the named defendants was the Chief Medical Officer at the time of the events giving rise to this action. If one of the identified defendants held this position, then plaintiff must file an amended complaint making this clear. If none held this position, then plaintiff may pursue his claim against the Chief Medical officer only if he identifies this person by name in an amended complaint. Thus, plaintiff has 45 days to discover the name of this defendant, if necessary, and to file an amended complaint identifying him.

Plaintiff may proceed forthwith to serve defendants Dr. David Medina, Dr. James, Dr. Rita Waterman and Officer Hitchcock or he may delay serving any defendant and attempt [again] to state a cognizable claim against defendants Sergeant E. Simmerson and Captain Patrick Cochran.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Sergeant E. Simmerson and Captain Patrick Cochran, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Dr. David Medina, Dr. James, Dr. Rita Waterman and Officer Hitchcock, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Sergeant E. Simmerson and Captain Patrick Cochran without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include preambles, introductions, argument, speeches, explanations, stories, griping,

vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). The court will construe any amended pleading liberally to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must

5

be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Dr. David Medina, Dr. James, Dr. Rita Waterman, Officer Hitchcock and the Chief Medical Officer.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Sergeant E. Simmerson and Captain Patrick Cochran are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Dr. David Medina, Dr. James, Dr. Rita Waterman and Officer Hitchcock . *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed June 13, 2008, four USM-285 forms and instructions for service of process on defendants Dr. David Medina, Dr. James, Dr. Rita Waterman and Officer Hitchcock. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and five copies of the June 13, 2008, complaint. The court will transmit them to the United States

Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Dr. David Medina, Dr. James, Dr. Rita Waterman and Officer Hitchcock will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Sergeant E. Simmerson, Captain Patrick Cochran and the Chief Medical Officer of HDSP without prejudice.

5.  Plaintiff must provide the name of the Chief Medical Officer he alleges violated his rights.  Thus, plaintiff has 45 days to discover, if necessary, the name of the Chief Medical Officer he alleges violated his rights and to file an amended complaint identifying that person.  Plaintiff's failure to do this will result in a recommendation that plaintiff's claim against the Chief Medical Officer be dismissed without prejudice.  *See* Fed. R. Civ. P. 4(m).

6.  The Clerk of the Court is directed to assign a district judge to this case as provided by the Local Rules of this Court.  *See* L. R. 3-120(e).

Lastly, it is hereby RECOMMENDED that claims against the High Desert State Prison ICC be dismissed on the ground that plaintiff cannot state any claim against it.  *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: November 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

    Plaintiff,                      No. CIV S-08-1344 EFB

    vs.

DAVID MEDINA, et al.,

    Defendants.                  NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        1        completed summons form

        4        completed forms USM-285

        5        copies of the  June 13, 2008
                                        Complaint

Dated:

                                                Plaintiff