IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

    Plaintiff,                    No. CIV S-08-1344 JAM EFB P

    vs.

D. MEDINA, et al.,

    Defendants.               ORDER AND AMENDED SCHEDULE

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 18, 2009, defendants filed a motion to modify the June 9, 2009, scheduling order. Dckt. No. 42. Plaintiff has not filed an opposition.[1] However, he has filed a motion for an order directing prison officials to deliver his legal materials to him.[2] Dckt. No. 39. Defendants do not oppose that motion.

---

[1] The court notes that the time for plaintiff to file an opposition has not expired. *See* Local Rule 78-230 (m) (providing that in cases where one party is incarcerated and proceeding without counsel, any opposition to another party's motion must be filed "not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion."). However, as noted, *infra*, discovery closed on September 25, 2009, and defendants filed their motion on September 18, 2009.

[2] Plaintiff also requested that the court send him copies of all the documents he has filed in this action thus far. Dckt. 40-3. For the reasons explained, the court need not address this request.

1

## I. Facts

After defendants filed an answer to the complaint, the court issued a scheduling order stating that discovery could be conducted until no later than September 25, 2009, and dispositive motions had to be filed no later than December 18, 2009. Dckt. No. 36. Accordingly, on July 29, 2009, defendants notified plaintiff that they would take his deposition on Thursday, September 10, 2009, at California State Prison - Sacramento, where plaintiff recently had been transferred. Def.'s Mot., Decl. of Phillip A. Arthur,[3] ("Arthur Decl."), Ex. A. They also requested that plaintiff produce for inspection and copying a number of documents related to this action. *Id.* On August 25, 2009, plaintiff filed a motion for an extension of time to produce those materials because prison officials had confiscated them when they transferred him. Pl.'s Mot. for Ext. of Time, Dckt. No. 40-1; 40-2. Before this court ruled on his motion, plaintiff appeared for the deposition, but could not participate because he lacked access to his legal materials. Arthur Decl., at ¶ 3; *see* Pl.'s Mot. for Ext.. Thus, defendants' counsel has requested that the litigation coordinators involved in the transfer return plaintiff's legal materials by September 23, 2009. Arthur Decl., at ¶ 5. Defendants' counsel states that if plaintiff has his legal materials by this date, then he can depose plaintiff by the middle of October and file a dispsositive motion no later than January 29, 2010. *See* Def.'s Mot., at 4.

## II. Defendants' Request to Modify the Schedule

Defendants request that the scheduling order be modified to permit them to take plaintiff's deposition no later than Octobe30, 2009, and to permit the filing of dispositive motions no later than January 29, 2010. As noted, plaintiff has not opposed this motion. The scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here,

---

[3] Mr. Arthur is counsel for defendants.

1 about two months before the close of discovery, defendants notified plaintiff that they would
2 take his deposition nearly two weeks before the close of discovery. Plaintiff did not object to
3 this time-frame until he realized that he would not have the documents defendants had requested.
4 Even though this situation was not the fault of defendants, they took action to ensure that
5 plaintiff's legal materials would be returned to him so that he could be prepared for deposition
6 no later than September 23. These facts show that despite defendants' diligence, it was
7 impossible for them to comply with the scheduling order. Accordingly, defendants have shown
8 good cause under Rule 16(b) and their motion is granted.

9      Based on defendants' representation, the court accepts September 23, 2009, as the latest
10 date plaintiff will receive his legal materials. Accordingly, defendants ought to be able to take
11 his deposition by mid-October. Thus, it is reasonable to establish October 30, 2009, as the date
12 for the close of discovery, and January 29, 2009, as the date by which dispositive motions must
13 be filed.

14 **III.    Plaintiff's Request for the Return of his Legal Materials**

15      Plaintiff requests an order directing prison officials to return his legal materials.
16 Defendants do not oppose this motion. As stated above, they will take action to ensure that
17 prison officials return those materials no later than September 23, 2009. Plaintiff has not
18 provided evidence suggesting that they will not. Therefore, plaintiff's motion is denied without
19 prejudice.

20      Accordingly, it hereby is ORDERED that:
21      1. Defendants' motion to modify the schedule is granted as follows:
22           a. Defendants shall complete plaintiff's deposition no later than October 30,
23 2009;
24           b. The parties shall file dispositive motions no later than January 29, 2010; and,
25           c. Other than these modifications, the scheduling order remains unchanged.
26 ////

1      2. Plaintiff's motion for an order directing prison officials to return his legal materials is
2 denied without prejudice.
3 Dated: September 22, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4