IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

        Plaintiff,                       No. CIV S-08-1344 JAM EFB P

        vs.

DAVID MEDINA, et. al.,

        Defendants.           <u>ORDER</u>

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court is plaintiff's March 12, 2010 motion to file an amended complaint. For the reasons explained below, the motion is denied.

       Before the filing of a responsive pleading, a party may file an amended pleading as a matter of right. Fed. R. Civ. P. 15(a)(1)(A). When a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). Defendants filed their responsive pleading, an answer, on May 27, 2009. On June 9, 2009, the court issued a scheduling order stating that motions to amend the complaint were due by September 25, 2009. Defendants also filed a summary judgment motion on January 28, 2010.

////

1

Thus, in order to file an amended complaint, plaintiff must obtain leave of the court or the consent of the defendants. In deciding whether to grant leave to amend, the court considers following factors: the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987). Plaintiff must also satisfy the procedural requirements of the Local Rules of this Court, which provide that:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by Court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.

Local Rule 220.

> In support of his motion, plaintiff states, since the filing of the complaint the plaintiff has determined that the names of the defendants is David Medina, Jame. Paragraphs are amended to reflect the identity and the actions of the defendants. New Defendants: Bal. Chief Medical Officer at California State Prison Sacramento: James Walker (Warden) at California State Prison Sacramento: (Dr) Wedell, at California State Prison Sacramento: (Dr) Babbala. California State Prison Sacramento.

Mot. at 2. Plaintiff attaches five exhibits, titled "Motion: Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," "Letter to the Honorable Judges Mendez & Brennan," "Added Evidence to Plaintiff's Civil Action: CV: 2:08-cv-01344 JAM EFB. Original Complaint,"[1] "Amendant [sic] Evidence. Letters & Notes to Plaintiff's Civil Action: 2:08-cv-01344 JAM-EFB,"[2] and "602 Grievance Complaint On Going."

Plaintiff has not filed a proposed amended complaint. Neither has he explained what his claims are against the new defendants, or why he has delayed in bringing a motion to amend.

---

[1] This exhibit consists of a copy of defendants' request for extension of time and a copy of the original complaint.

[2] This exhibit consists of letters from the Prison Law Office to plaintiff, from plaintiff to the chief medical officer, from plaintiff to the warden, an unaddressed letter from plaintiff, from plaintiff to Ms. P. Kennedy, and from plaintiff to the Prison Law Office.

2

1 Moreover, his motion for leave to amend does not address any of the factors for whether leave to
2 amend should be granted.  As plaintiff has failed to satisfy the procedural and substantive
3 requirements of a motion to amend, plaintiff's motion must be denied.
4     On March 9, 2010, plaintiff was granted a 60-day extension of time to file his opposition
5 to defendants' summary judgment motion.  Dckt. No. 52.  As plaintiff's motion to amend has
6 been pending during much of that time period, plaintiff is granted 14 days from the date of this
7 order to file the opposition.
8     Accordingly, it is hereby ordered that:
9     1.  Plaintiff's March 12, 2010 motion to file an amended complaint is denied; and
10     2.  Plaintiff must file his opposition to defendants' summary judgment motion within 14
11 days of the date of this order.
12 Dated:  May 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE