IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

              Plaintiff,              No. CIV S-08-1344 JAM EFB P

    vs.

DAVID MEDINA, et. al,

              Defendants.        <u>ORDER AND</u>
                                  <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Pending before the court are defendants' January 28, 2010 motion for summary judgment and plaintiff's August 9, 2010 motion for a preliminary injunction.  The court denies the motion for summary judgment without prejudice, and recommends that the motion for preliminary injunction be denied.

**I.     Summary Judgment**

      As stated above, defendants filed their motion for summary judgment on January 28. Dckt. No. 49.  On March 9 the court granted plaintiff a 60-day extension of time to file his opposition, as he claimed that he had been recently rehoused in administrative segregation and lacked legal materials, and needed to conduct additional discovery and review his medical records to oppose the motion.  Dckt. No. 52, 53.  On March 12 plaintiff filed a motion to amend

his complaint.  Dckt. No. 54.  On May 20 the court denied plaintiff's motion to amend his

complaint, and ordered plaintiff to file his opposition to defendants' summary judgment motion

within 14 days.[1]  Dckt. No. 60.  On May 7 and June 7, plaintiff filed motions to compel

defendants to produce medical records that he claimed were necessary to oppose their summary

judgment motion.  Dckt. Nos. 58, 61.  On June 16, the court ordered defendants to file a response

to plaintiff's motions to compel, and temporarily relieved plaintiff of his obligation to file an

opposition to defendants' summary judgment motion.  Dckt. No. 62.  On July 19, following

defendants' response to the motion to compel, the court ordered defendants to inform the court

within seven days whether plaintiff had reviewed his medical file, and ordered plaintiff to file his

opposition to the summary judgment motion within 30 days if the review had taken place.  Dckt.

No. 67.  On July 26, defendants responded that plaintiff had reviewed his medical file on June

28.  Dckt. No. 69.  On August 2, the court issued another order denying plaintiff's motions to

compel as moot and reiterating that plaintiff's opposition to the summary judgment motion was

due by August 18.  Dckt. No. 69.  On August 9, plaintiff filed a motion for a preliminary

injunction.  Dckt. No. 70.

On August 19, plaintiff filed a letter requesting an extension of time to file his opposition

to summary judgment, stating that there were problems with the law library and that some of his

legal mail had gone to another part of the prison.  Dckt. No. 72.  On August 24, plaintiff filed a

more detailed request for an extension of time stating that critical medical records are missing in

his medical file[2] and that he is being prevented from going to the law library.  Dckt. No. 73.  In

addition to his request for an extension of time, plaintiff seeks an order directing his prison to

surrender the missing medical documents and to allow him to go to the law library as a P.L.U.

---

[1] Due to a clerical error, on May 19 the court issued an order granting plaintiff a second 60-day extension of time to file his opposition.  Dckt. No. 59.  As noted above, the following day the court ordered plaintiff to file his opposition within 14 days.  Dckt. No. 60.

[2] Plaintiff has previously asserted that his medical file was missing documents, as "papers that I remember being in there is not in there no more."  Dckt. No. 49, Ex. E.

1    status inmate.  *Id.*

2         As plaintiff claims that he is still missing documents necessary to oppose defendants'

3    summary judgment motion, the court treats his request as a request pursuant to Rule 56(f) to

4    either deny or continue the motion pending the completion of his review of the documents.  The

5    court will permit plaintiff one last opportunity to complete his review and prepare an opposition

6    to the motion.  In the interim, defendants' summary judgment motion is denied without prejudice

7    to renewal after the limited additional discovery is complete.  *See* Fed. R. Civ. P. 56(f).  Within

8    14 days of the date of this order, plaintiff shall file a motion to compel explaining specifically

9    what documents are missing from his medical file and why he believes such documents exist or

10   existed.  Defendants may file an opposition to plaintiff's motion within 14 days from service of

11   plaintiff's motion to compel.  Within 21 days after the court resolves the motion to compel,

12   defendants may renotice their motion for summary judgment by filing a notice of renewal.

13   Alternatively, if defendants prefer, they my file a new brief and supporting papers in support of

14   their motion for summary judgment.  Plaintiff must file his opposition to such a motion within 30

15   days.  The court is not inclined to grant any further extensions of time.

16        Plaintiff shall present this court order to any prison official preventing him from

17   accessing the prison law library.  Should plaintiff be denied access to the law library, he shall

18   inform the court of the name of the prison official preventing access and the attendant

19   circumstances.

20   **II.    Preliminary Injunction**

21        Plaintiff filed a motion for a preliminary injunction on August 9, 2010.  Dckt. No. 70.

22   Defendants have not filed an opposition.

23        A preliminary injunction will not issue unless necessary to prevent threatened injury that

24   would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

25   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

26   F.2d 863 (9th Cir.1989).  A preliminary injunction represents the exercise of a far reaching

3

1    power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

2    *Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  In order to be entitled to preliminary injunctive relief, a

3    party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

4    irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

5    and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

6    (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374

7    (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to

8    preliminary injunctions–that is, balancing the elements of the preliminary injunction test, so that

9    a stronger showing of one element may offset a weaker showing of another–survives *Winter* and

10   continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, __ F.3d __, 2010 WL 2926463, *3-4

11   (filed July 28, 2010).  In cases brought by prisoners involving conditions of confinement, any

12   preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

13   harm the court finds requires preliminary relief, and be the least intrusive means necessary to

14   correct the harm." 18 U.S.C. § 3626(a)(2).

15          Plaintiff asks that the court issue a preliminary injunction ordering that he 1) receive his

16   prescribed testosterone cream for his hypogonadism; 2) be seen by a urologist for his testicles,

17   urinary tract, and prostate; 3) receive his medication for his carpal tunnel syndrome (gabapentin);

18   4) receive his medication for his chronic lower back and right knee pain.

19          Plaintiff seeks to enjoin persons who are not defendants in this action.  The motion is

20   directed towards "Spaeth: Chief Medical Surgeon at Kern Valley State Prison" and "Shirley

21   Lopez: Chief Medical Officer at Kern Valley State Prison."  Dckt. No. 70 at 1.  Plaintiff claims

22   that a Doctor Kandkhorova, a Kern Valley State Prison employee, told him that Lopez and

23   Spaeth denied his testosterone cream because "they said there's no medical necessity for you to

24   take the testosterone medication cause you're not sexual active in prison with a female nor can

25   you make babies in prison."  *Id.* at 3.  However, this lawsuit proceeds on plaintiff's claims that

26   defendants at High Desert State Prison were deliberately indifferent to his medical needs in 2007

and 2008.  Defendants, who are at a different institution, simply do not have the authority or ability to initiate changes in plaintiff's current medical treatment.

The court cannot issue an order against individuals or institutions who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Thus, plaintiff's motion for a preliminary injunction should be denied. Plaintiff may attempt to obtain relief for his current medical complaints by filing an internal appeal, and then, if necessary, a separate federal lawsuit.

Accordingly, it is hereby ORDERED that:

1. Defendants' summary judgment motion is denied without prejudice to renewal after discovery is complete;

2. Plaintiff shall file a motion to compel explaining what documents are missing from his medical file and why he believes such documents exist or existed within 14 days of the date of this order;

3. Defendants may file an opposition to plaintiff's motion within 14 days of service of plaintiff's motion to compel;

4. Defendants may re-file their motion for summary judgment by filing a notice of renewal, or may alternatively file an amended motion for summary judgment within 21 days of the date that the court resolves the motion to compel; and

5. Plaintiff shall file his opposition to such a motion within 30 days of service of the defendants' renewed motion.

////

////

////

1    Further, it is RECOMMENDED that plaintiff's August 9, 2010, motion for a preliminary

2    injunction be denied.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties. Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10    Dated:  August 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE