IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

      Plaintiff,                    No. CIV S-08-1344 JAM EFB P

      vs.

DAVID MEDINA, et al,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed two motions to compel, a motion to remove a claim, a motion for injunctive relief, and a motion for default judgment. *See* Dckt. Nos. 75, 76, 77, 82, 83. Defendants have opposed plaintiff's motions to compel and his motion for default judgment. *See* Dckt. Nos. 81, 34.

**I.    Motions to Compel**

      Plaintiff previously alleged that crucial documents were missing from the discovery that he had received. On August 30, 2010, the court denied defendants' motion for summary judgment without prejudice to renewal after discovery was complete, and ordered plaintiff to file a motion to compel explaining specifically what documents were missing from his medical file and why he believes such documents exist or existed.

Plaintiff filed two motions to compel on September 20, 2010. In the first motion, plaintiff seeks an order compelling Sherrell, the CCI counselor at Kern Valley State Prison, and the records office at Kern Valley State Prison, to produce 1) the original 602 complaint in this case, and 2) "any and all 602 appeal pertaining to the medical [while] housed in High Desert State Prison from December 3, 2007 to 2008 June 4th." Dckt. No. 75 at 1-2. Plaintiff states that he asked Sherrell for the documents but was told that the documents were missing. *Id.* at 3.

Plaintiff's second motion states that the following documents are missing from his file, and were not given to him when he requested them: 1) an order signed by defendant Medina to have plaintiff's chronos and appliances taken away; 2) a document showing that defendant Medina approved hydrocodone for plaintiff on February 29, 2008; and 3) documents explaining why plaintiff was not receiving testosterone shots from December 4 2007 until June 4, 2008. Dckt. No. 76 at 1-3.

Defendants' opposition states "[b]efore filing the motion to compel, Moreno never served Defendants with any discovery requests." Dckt. No. 81 at 2. However, defendants state that they have now provided plaintiff with all of the documents in their possession, custody or control. Defendants have turned over to plaintiff copies of all of his 602 appeals from December 3, 2007 until June 4, 2008, and documents from December 1 through June 4, 2008, regarding Moreno's testosterone injections. *Id.* Defendants have submitted a declaration from the custodian of medical records at Kern Valley State Prison, attesting that he searched for a February 29, 2008 prescription for hydrocodone and a chrono issued by Medina canceling all of plaintiff's medical prescriptions and chronos, but did not find any documents. Dckt. No. 81-1 at 1.

As defendants attest that they have now provided plaintiff with all of the documents in their possession, control or custody, plaintiff's motions to compel must be denied as moot. *See* Fed. R. Civ. P. 34(a).

////

## II. Motion to Remove Claim

Plaintiff's "motion to remove claim" states that he wishes to "remove preliminary injunction concerning testosterone cream" and that he will file a separate lawsuit on this basis. It appears that plaintiff wishes to withdraw his argument in his previous motion for a preliminary injunction. As his motion for a preliminary injunction has now been denied, his request is denied as moot. *See* Dckt. No. 79 (order denying preliminary injunction).

## III. Motion for Injunctive Relief

Plaintiff has filed a motion for injunctive relief. Dckt. No. 82. He argues that the attorney general has filed a motion, a notice of taking his deposition and a request for production of documents, but that CDCR is impeding his ability to respond by removing documents from his file and not allowing him to go to the law library. *Id.* at 2-3. The court's previous August 30, 2010 order stated, "Plaintiff shall present this court order to any prison official preventing him from accessing the prison law library. Should plaintiff be denied access to the law library, he shall inform the court of the name of the prison official preventing access and the attendant circumstances." Dckt. No. 74 at 3.

Plaintiff states that even after showing his court order he was still denied access to the prison law library. *Id.* at 2. He states that he went to the law library on September 27, 2010, but since then he has been turned away. Plaintiff has attached a copy of an internal appeal stating that when he went to the law library on September 27 and asked to make copies, he showed his court order to Dikins, who stated, "I'm not letting you in my law library doors I don't care if you got a court order" and "if you don't like how I run my library then you don't have to come in." Dckt. No. 82, Ex. B. Plaintiff states that he "showed Dikins the court order for PLU status . . . he snatched the papers that I just filled out for PLU and . . . said I don't care about no court order it's D.E.N.I.E.D. Then Dikins took my court order papers and began to copy them . . . he said if it's in my library then I have the right I got to see if my name is in it, when appellant said to give back his legal papers from the courts Dikins [threw] appellant's legal court order papers at him

3

hitting him with the papers in the chest . . . then told him to get the fuck out of my library." *Id.*

Plaintiff also states that after he asked the mental health EOP CCI, Sherrell, to sign an affidavit regarding important documents that were coming up missing in his file, Sherrell threatened him, stating "so that's the way you want to play this. I can play fuckin[g] hard ball to[o] you know your hardship to stay in this prison! Kern Valley State Prison! Well, let's see if I don't have your ass put up for transfer."[1] *Id.* at 3. Plaintiff asks that the court order that he be placed on PLU status, and order CDCR to stop retaliating against him, and that he not be transferred out of Kern Valley State Prison. *Id.* at 4.

Defendants did not file a response to these allegations. Although the order directing service of the complaint does not require the filing of an opposition brief to a Rule 65 motion unless directed by the court, Dckt. No. 21 at ¶ 8, the allegations asserted here cannot be taken lightly. The motion asserts deliberate obstruction of plaintiff's attempts to litigate this case, including respond to defendants' filings and discovery, by defendants in concert with the California Department of Corrections. The allegations are serious and warrant a response. Accordingly, counsel for defendants are ordered to file a response to plaintiff's motion within fourteen days of the date of this order.

**IV.     Motion for Default Judgment**

Plaintiff seeks a default judgment against defendants, contending that they have failed to answer or otherwise respond to the complaint after being served. Dckt. No. 83 at 1. Defendants' opposition contends that they timely answered his complaint. Dckt. No. 84 at 1. Defendants explain that the answer was due on April 10, 2009; that on April 24, 2009, they requested an extension of time to file an answer; that the court granted them an extension of time up to and including May 28, 2009; and that they filed their answer on May 27, 2009. As the court

---

[1] Plaintiff has attached an exhibit showing that a physician wrote a letter recommending that he be transferred to Kern Valley State Prison so that his mother, who suffers from multiple medical conditions, can see him for her mental well being. Dckt. No. 82, Ex. C. This appears to be the "hardship" referred to.

4

previously granted defendants' motion for an extension of time, defendants' answer was timely filed and plaintiff is not entitled to default judgment. His motion must be denied.

### V. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's September 20, 2010 motions to compel are denied as moot;

2. Plaintiff's September 20, 2010 motion to remove his claim is denied as moot, and the Clerk is directed to terminate docket entry 77;

3. Defendants are ordered to file a response to plaintiff's motion for injunctive relief within fourteen days of the date of this order; and

4. Plaintiff's October 21, 2010 motion for default judgment is denied.

Dated: February 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE