IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY MORENO,

      Plaintiff,               No. 2:08-cv-1344 JAM EFB P

    vs.

D. MEDINA, et al.,

      Defendants.      ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending are the undersigned's findings and recommendations to resolve defendants' October 7, 2011 motion for summary judgment, defendants' motion for leave to file a supplemental summary judgment motion, and plaintiff's motions (1) for a 60-day extension of time to file objections to the findings and recommendations, (2) for a court order granting him "PLU Status," and (3) for a court order compelling R.J. Donovan State Prison to ship plaintiff's property to him at California State Prison, Sacramento. Dckt. Nos. 99-103.

      In the findings and recommendations issued June 29, 2012, the undersigned recommended that defendants' motion for summary judgment be granted in part. However, in light of recent Ninth Circuit case authority and to ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose defendants' motion for summary

judgment, the court must vacate those findings and recommendations, and deny the motion without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the requirements for opposing a motion for summary judgment. *See Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* and *Wyatt* is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has required that it be given and that it be set forth in a separate document that is served with the moving papers).

Since the issuance of the June 29, 2012 findings and recommendations, defendants have filed a motion for leave to file a supplemental motion for summary judgment. Dckt. No. 100. Defendants argue that they could not reasonably foresee that the undersigned would consider evidence of record not filed with the summary judgment motion or opposition (rather, filed in response to another motion on the docket) in determining defendants' entitlement to summary judgment. Defendants believe that the claims that would remain should the court adopt the June 29, 2012 findings and recommendations can be disposed of through summary judgment, obviating the need for trial. Plaintiff has not opposed defendants' motion for leave to file a supplemental summary judgment motion and the time for doing so has passed. Accordingly, in the interest of judicial economy, the motion is granted. Defendants may include the new arguments and/or evidence they have noted in the motion when they re-file and re-serve their motion for summary judgment as required by *Woods*. *See* Dckt. No. 100 at 5.

Because the June 29, 2012 findings and recommendations are vacated, plaintiff's motion for an extension of time to object thereto is moot.

Finally, plaintiff's requests that the court order that he be granted PLU status and provided his property from R.J. Donovan are denied without prejudice. Plaintiff has not indicated in either motion that he has completed the administrative process available at his

institution with regard to these complaints.  In addition, because the findings and recommendations regarding the summary judgment motion have been vacated and the motion has not yet been re-served, plaintiff is not currently facing a court deadline.  If plaintiff is unable to obtain his property through the prison appeals process, he may again seek relief from the court.

Accordingly, IT IS HEREBY ORDERED that:

1. The June 29, 2012 findings and recommendations (Dckt. No. 99) are vacated.

2. Defendants' motion for summary judgment (Dckt. No. 49) is denied without prejudice.

3. Within thirty days of the date of this order, defendants may re-file and re-serve their motion for summary judgment, with the additional argument and/or evidence indicated in their motion to file a supplemental motion for summary judgment.  Defendants must contemporaneously serve with the motion, but in a separate document, a copy of the attached "*Rand* Notice," which provides plaintiff with notice of the requirements for opposing a motion for summary judgment.  **Failure to do so may constitute grounds for denial of the motion.**

4. If defendants re-serve their motion, plaintiff may thereafter file and serve an amended or supplemental opposition within thirty days.  If plaintiff fails to file an amended or supplemental opposition, the court will consider his existing opposition in resolving defendants' motion.

5. If plaintiff files an amended or supplemental opposition, defendants may thereafter file an amended reply within fourteen days.

6. Plaintiff's motion for an extension of time to object to the June 29, 2012 findings and recommendations (Dckt. No. 101) is denied as moot.

////

////

////

     7.  Plaintiff's motion for an order granting him PLU status (Dckt. No. 102) and his motion for an order compelling R.J. Donovan State Prison to ship him his property (Dckt. No. 103) are denied without prejudice.

DATED: August 9, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

MARK ANTHONY MORENO,

      Plaintiff,                                     No. 2:08-cv-1344 JAM EFB P

      vs.

D. MEDINA, et al.,                               *RAND* NOTICE[*]

      Defendants.

_____/

      The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

      When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

      To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. *See* L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion. The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).

      If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[*] This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. *See Woods v. Carey*, \_\_ F.3d \_\_, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).