UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY MORENO,<br><br>            Plaintiff,<br><br>     v.<br><br>D. MEDINA, et al.,<br><br>            Defendants. | No.  2:08-cv-1344-JAM-EFB P<br><br><br><u>ORDER AND ORDER TO SHOW CAUSE</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C § 1983.[1]  The case was before the court on March 19, 2014, for hearing on Defendant Medina's motion to modify the scheduling order to extend the time within which he may file a supplemental motion for summary judgment. ECF Nos. 121, 122.  Deputy Attorney General Lawrence Bragg appeared at the hearing on behalf of defendant; plaintiff appeared pro se via video-conference.  As stated on the record, and for the reasons provided below, the schedule will be modified but defense counsel shall also show cause why monetary sanctions should not be imposed for defendant's failure to comply with this court's previous scheduling orders and Rule 16 of the Federal Rules of Civil Procedure.

---

[1] Upon screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the court determined that plaintiff had stated a claim that defendants Medina, James, Waterman, and Hitchcock were deliberately indifferent to his serious medical needs and that Medina had also retaliated against him.  ECF No. 12.

1

**I.     Background**

Over four years ago, the court issued the initial scheduling order for this case on June 9, 2009. ECF No. 36. That order required that dispositive motions be filed no later than December 18, 2009, and warned that requests to modify the schedule would be looked upon with disfavor and must be supported by good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *Id.*

On September 18, 2009, defendants filed their first motion to modify the schedule. ECF No. 42. Defendants requested the modification because despite their diligence, their deposition of plaintiff was delayed. The court extended the time for deposing plaintiff, and as a result, had to also extend the deadline for filing dispositive motions, to January 29, 2010. ECF No. 43.

On January 28, 2010, defendants Medina, James, and Hitchcock timely moved for summary judgment on all of plaintiff's claims.[2] ECF No. 49. The court denied that motion without prejudice in light of plaintiff's Rule 56(f) (now 56(d)), request for additional time to complete discovery. ECF No. 74. The court permitted defendants to either renew their previous motion, or file an amended motion for summary judgment. *Id.* On February 28, 2011, after the completion of discovery, defendants renewed their original motion for summary judgment. ECF No. 87. No new briefing was filed with the notice renewing the motion.

On June 29, 2012, the court issued findings and recommendations recommending that defendants' motion be granted as to plaintiff's claim that defendants James, Medina, and Hitchcock violated plaintiff's Eighth Amendment rights by confiscating his medical devices and chronos on June 4, 2008, but denied as to plaintiff's remaining claims against defendants James and Medina. ECF No. 99. While those findings and recommendations were pending, defendants made their first request for leave to file a third summary judgment motion. ECF No. 100.

/////

/////

/////

---

[2] Defendant Waterman had previously been dismissed after plaintiff failed to effect service of process. ECF No. 48.

2

Notwithstanding the language of Rule 56 (c)(1)(A)[3], defendants argued that they could not reasonably foresee that the court would consider evidence of record not filed with the summary judgment motion or opposition (rather, filed in response to another motion on the docket) in determining defendants' entitlement to summary judgment. Defendants stated that they could dispose of the deliberate indifference claims on which the court recommended denial of summary judgment through their filing of a third summary judgment motion.

On August 9, 2012 the court reluctantly granted defendants' request to file a third summary judgment motion. ECF No. 105. The request was not granted because of any showing of due diligence by defense counsel but instead due to considerations of judicial economy, i.e., avoiding an unnecessary jury trial in a district with a severely impacted caseload.[4]

On September 10, 2012, defendants filed their *third* motion for summary judgment. ECF No. 109. The motion only addressed plaintiff's Eighth Amendment deliberate indifference claims; it did not address the First Amendment retaliation claim against defendant Medina. *Id.* On September 5, 2013, the court granted defendants' motion, leaving the retaliation claim against Medina as the sole remaining claim. ECF No. 117.

/////

/////

/////

---

[3] The rule provides that: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular part of materials *in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." *Id.* (emphasis added). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[w]here *the record taken as a whole* could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'")

[4] The court also addressed a new Ninth Circuit case, *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), which required that defendants provide pro se prisoner plaintiffs with notice of the requirements for opposing a summary judgment motion at the time they file their motions. Accordingly, the court vacated the pending findings and recommendations and instructed defendants to re-file and re-notice the motion (along with their requested supplementation) together with the contemporaneous notification of summary judgment standards required by *Woods.* ECF No. 105.

3

**II.     Medina's Motion to Modify the Scheduling Order to Allow for the Filing of a Fourth Summary Judgment Motion**

On September 13, 2012, a notice was filed on behalf of defendant informing the court that a different attorney in the California Attorney General's office was assigned to the case in place of the previous attorney, Tracy Hendrickson. ECF No. 119.  Thereafter, the newly-assigned deputy attorney general sought leave to modify the scheduling order and file, yet another, summary judgment motion. ECF Nos. 121, 122.  Defendant represented that the remaining claim in this action, the retaliation claim against Medina, can be disposed of through a summary judgment motion.  However, the only argument in support of defendant's claim of good cause for again modifying the scheduling order is that "[d]efendant Medina has solid arguments" and that entertaining the motion will prevent an unnecessary jury trial. ECF No. 122 at 3-4.  While the court has no interest in proceeding with a jury trial in an action where there are no genuine disputes of material fact, as stated at the hearing on this motion the court is not willing to ignore or suspend the Federal Rules of Civil Procedure to accommodate a party's or its counsel's inability or unwillingness to adhere to the rules and comply with court orders.

Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Good cause is shown where the schedule cannot be complied with despite the diligence of the party seeking modification.  Thus, the good cause standard focuses primarily on the diligence of the requesting party.  *Johnson v. Mammoth Recreations*, 975 F.2 604, 609 (9th Cir. 1992).  There has been no explanation as to why defendant Medina's current argument could not have been included in any of the three prior motions seeking summary judgment.  Indeed, the instant motion argues that Medina should be granted summary judgment for much of the same reasons that other defendants were granted summary judgment. ECF No. 122 at 2-3.[5]  Obviously, counsel for defendants has not taken seriously the requirements of Rule 16 and this court's scheduling orders.

/////

---

[5] However, at oral argument counsel speculated that his predecessor in the case may have reviewed the file and decided not to pursue summary judgment as to Medina.

The procedural history here demonstrates that counsel for defendants have already had three opportunities to file summary judgment motions. Defendants' January 28, 2010 and February 28, 2011 motions for summary judgment addressed the retaliation claim. The court explained its reasons for recommending denial of summary judgment on the retaliation claim in its June 29, 2012 findings and recommendations. Despite the opportunity to again seek summary judgment on this claim in a *third* motion, defendants' September 10, 2012 motion failed to address it. As explained at the hearing, the court will, again, modify the scheduling order and consider Medina's motion on its merits, notwithstanding the complete lack of diligence shown by defense counsel's predecessor in the California Attorney General's Office. The docket of the assigned district judge, who will be tasked with presiding over a jury trial in this matter, has no room for matters that should have been efficiently resolved by summary judgment. But the court cannot countenance the utter disregard of Rule 16 and the court's scheduling orders.[6] The appropriate remedy, however, is not to burden a jury panel and an overburdened trial judge with an unnecessary trial. Nonetheless, when rules and orders are ignored, fairness and appropriate case management call for some consequence.

Defense counsel and the Office of the Attorney General's continued reliance on "judicial economy" as a substitute for the good cause showing demanded by Rule 16 of the Federal Rules of Civil Procedure distorts the burden counsel must meet, frustrates the court's ability to schedule this case and manage its heavy docket, and manifests no appreciation for why Rule 16 exists in the first place. Indeed, at oral argument counsel stated that if the court was considering monetary sanctions then he wanted to withdraw the motion, and further suggested that there was some irony that he might be sanctioned for suggesting a schedule modification consistent with judicial economy. The argument misses the point entirely. Of course cases that can be resolved by appropriate summary judgment motions should be so resolved. Indeed, it was defense counsel's obligation to timely present any appropriate pretrial dispositive motion within the time prescribed

---

[6] Indeed, as counsel was informed at oral argument, this court has previously dismissed pro se inmates' complaints as a sanction for failure to comply with the federal and local rules and/or court orders. There is no reason to extend greater leniency to the Office of the California Attorney General.

by the Rule 16 scheduling order.  Not appreciated by counsel is that there were at least three previous opportunities to do so and it was never done.  Moreover, there is no attempt to explain why the Office of the California Attorney General could not properly file the motion on behalf of its client, Medina, despite exercising due diligence.  *See Johnson*, 975 F.2d at 609.

In this case, the principles of judicial economy necessitate the requested schedule modification, but do not excuse defense counsel's total lack of diligence and failure to comply with Rule 16 and the court's scheduling order.  Accordingly, counsel is ordered to show cause why monetary sanctions should not be imposed to deter similar litigation practices in the future.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Medina's motion to modify the scheduling order to extend the time within which he may file a fourth motion for summary judgment (ECF Nos. 121, 122) is granted.
2. Medina's summary judgment motion shall be filed no later than April 2, 2014.
3. Plaintiff's response to Medina's motion shall be filed no later than May 5, 2014.
4. Defense counsel shall show cause, within 14 days, why monetary sanctions should not be imposed for his (or his predecessor's) failure to comply with this court's scheduling order and Rule 16 of the Federal Rules of Civil Procedure.

DATED:  March 21, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE