UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY MORENO, | No. 2:08-cv-1344-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER FOR SANCTIONS |
| D. MEDINA, et al., | |
| Defendants. | |

    This matter was before the court for hearing on March 19, 2014, on defendant Medina's motion to modify the scheduling order to extend the time for filing a supplemental motion for summary judgment, ECF Nos. 121, 122. Deputy Attorney General R. Lawrence Bragg appeared on behalf of Medina. Plaintiff appeared pro se via video-conference. ECF No. 127. The court set the matter for hearing because of the history of defendant's motion practice in this case.[1]

    Notwithstanding defendant's lack of due diligence to comply with the deadlines set in the scheduling order, the effect of counsel's conduct on the court's impacted docket and principles of judicial economy forced modifications of the schedule here. ECF No. 128 at 3. The court modified the schedule, but ordered defense counsel to "show cause why monetary sanctions

---

[1] The background leading to the hearing and subsequent Order to Show Cause is set out in the Order to Show Cause filed March 21, 2014. ECF No. 128 at 2-5.

1

should not be imposed for defendant's failure to comply with this court's previous scheduling orders and Rule 16 of the Federal Rules of Civil Procedure." *Id.* at 1.  Having received counsel's response, the court will impose sanctions as discussed below.

**I.     Background**

Upon screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the court determined that plaintiff had stated a claim that defendants Medina, James, Waterman, and Hitchcock were deliberately indifferent to his serious medical needs and that Medina had also retaliated against him.[2]  ECF No. 12.  The court issued the discovery and scheduling order for this case on June 9, 2009.  ECF No. 36.  That order required that dispositive motions be filed no later than December 18, 2009.  It also warned that requests to modify the schedule would be looked upon with disfavor and must be supported by good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  *Id.*

On September 18, 2009, defendants filed their first motion to modify the scheduling order. ECF No. 42.  Defendants requested the modification because their deposition of plaintiff was delayed.  The court extended the time for deposing plaintiff, and as a result, had to also extend the deadline for filing dispositive motions, to January 29, 2010.  ECF No. 43.  Just prior to that deadline, on January 28, 2010, defendants Medina, James, and Hitchcock moved for summary judgment.  ECF No. 49.  The court denied that motion without prejudice in light of plaintiff's Rule 56(f) (now 56(d)), request for additional time to complete discovery.  ECF No. 74.  The court permitted defendants to either renew their previous motion, or file an amended motion and additional briefing for summary judgment.  *Id.*

On February 28, 2011, after the completion of discovery, defendants summarily renewed, but did not re-brief their original motion for summary judgment.  ECF No. 87.  Their initial (now renewed) motion for summary judgment addressed plaintiff's deliberate indifference claims and the retaliation claim against defendant Medina.  *See* ECF No. 49 (renewed at ECF No. 87).  The court issued findings and recommendations recommending that defendants' motion be granted as

---

[2] On November 25, 2009, defendant Waterman was dismissed from this action after plaintiff failed to effect service of process.  ECF No. 48.

<pre>
Case 2:08-cv-01344-JAM-EFB   Document 137   Filed 06/18/14   Page 3 of 11
</pre>

to plaintiff's claim that defendants James, Medina, and Hitchcock violated the Eighth Amendment by confiscating plaintiff's medical devices and chronos, but denied motion as to the remaining deliberate indifference claims against defendants James and Medina and as to the retaliation claim against defendant Medina. ECF No. 99. While those findings and recommendations were pending, defendants submitted a request for leave to file a third summary judgment motion.[3] ECF No. 100. Defendants indicated that the deliberate indifference claims for which the court recommended denial of summary judgment could be disposed of through the filing of a properly briefed, third summary judgment motion. They did not claim that the retaliation claim could be similarly resolved.

On August 9, 2012 the court vacated the pending findings and recommendations in light of the ruling issued in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), which required the contemporaneous service of a notice stating the requirements for opposing a summary judgment motion with such a motion. ECF No. 105. That order also addressed defendants' request to file a third summary judgment motion. For the sake of judicial economy, i.e., avoiding an unnecessary trial, the court granted defendants' request to file a third motion. ECF No. 105.

On September 10, 2012, defendants filed their third motion for summary judgment. ECF No. 109. That motion only addressed the remaining Eighth Amendment deliberate indifference claims; it did not address the First Amendment retaliation claim against defendant Medina. *Id.* On September 5, 2013, the court granted defendants' motion, leaving the retaliation claim against Medina as the sole remaining claim for trial. ECF No. 117.[4]

/////

---

[3] In their request, defendants claimed that they could not reasonably foresee that the court, in resolving their summary judgment motion, would consider evidence that, while in the record before the court, was not separately filed with the motion or opposition, but rather, had been filed previously in response to another motion in this case.

[4] Despite yet another opportunity to file a summary judgment motion that included the retaliation claim, defendants' September 10, 2012 motion failed to address it at all. The only claim addressed in that motion was the Eighth Amendment claim of deliberate indifference. ECF No. 109. Thus, when defendant's third motion for summary judgment was granted in full it left for trial the First Amendment retaliation claim. ECF No. 117.

On September 13, 2013, defendants informed the court of a change in counsel. ECF No. 119. Thereafter, the newly assigned deputy attorney general sought leave to again modify the scheduling order to provide yet another (fourth) opportunity to file a motion for summary judgment. ECF Nos. 121, 122. Defendants again represented that a claim in this action, the retaliation claim against Medina, could be disposed of through a summary judgment motion (on the grounds that the plaintiff had no medical need for the medication, that defendant Medina had a legitimate reason for discontinuing the medication, and that plaintiff had failed to exhaust his administrative remedies). The procedural history of this case demonstrates that defendants had already had three opportunities to properly brief and file an appropriate motion for summary judgment addressing these issues. Their initial (and renewed) motion for summary judgment, which actually addressed the retaliation claim, argued that Medina discontinued plaintiff's medication for a legitimate reason and not because of plaintiff's inmate appeal. ECF No. 49 (renewed at ECF No. 87). In recommending denial of summary judgment on the retaliation claim, the court found that Medina's motion failed to show that no material facts were in genuine dispute. ECF No. 99 at 10-11. Notably, Medina's motion contained no argument that plaintiff failed to exhaust the retaliation claim, and the exhibits submitted in support of the motion consisted solely of defendants' declarations, some excerpts from plaintiff's deposition, and a document entitled "Disability Placement Program Verification." ECF No. 49-3.[5]

Notwithstanding the complete lack of diligence by defense counsel's predecessor in the Attorney General's Office, the court modified the scheduling order so it could address the retaliation claim before having the case proceed to a jury trial. Contrary to the surprising arguments of Medina's current counsel, nothing about that ruling implicitly found that defense counsel has complied with the court's orders in this case. *See* ECF No. 132 at 4 (arguing that orders modifying the schedule necessarily find that "defense counsel complied with the Court's requirement that any request to modify the Scheduling Order must be support by good cause.").

---

[5] In contrast, defendants' September 10, 2012 summary judgment motion (which only addressed plaintiff's deliberate indifference claims) was supported by an expert declaration and plaintiff's medical records. ECF No. 109-4.

4

Indeed, the argument is disingenuous. As the currently assigned deputy attorney general is well aware, the court was frustrated by and quite concerned with defense counsel's lack of diligence. That was the very reason for, and focus of the hearing held on March 19, 2014. The court ultimately modified the schedule not because of counsel's diligence or compliance with court orders (counsel has demonstrated neither) but simply because the docket of the assigned district judge, who will be tasked with presiding over a jury trial in this matter, has no room for the trial of matters that could and should have been resolved by a properly briefed and supported motion for summary judgment.[6]

At the hearing on this matter the court expressed its frustration with defense counsel's and the Office of the Attorney General's reliance on "judicial economy" as a substitute for the good cause showing demanded by Rule 16 of the Federal Rules of Civil Procedure. Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). There plainly has not been diligence in this case. Nonetheless, the principles of judicial economy require that the court not ignore the effect of that lack of diligence on its heavy caseload. Indeed, it was defense counsel's marked lack of diligence and Rule 16 violations that necessitated the modification of the schedule here. That conduct, which left the court little choice but to again modify the scheduling order, hardly excuses defense counsel's lack of diligence and violation of Rule 16.

Thus, the court ordered defense counsel to show cause why sanctions should not issue for those violations.

**II.      Defense Counsel's Unapologetic Disregard of the Court's Scheduling Order and Federal Rule 16 Underscores the Need For Sanctions**

Rule 16(f) provides that the court may, on its own motion, issue "any just order," including sanctions, where a party "fails to obey a scheduling order." In the response to the order

---

[6] The court's resources are simply too limited and the caseload of this district far too impacted to allow defense counsel's lack of diligence and disobedience of scheduling orders to cause jurors to be summoned, a jury to be empaneled and days to be wasted in a trial in which there may well be no genuine dispute over a material issue of fact.

1  to show cause, defense counsel advances five arguments against the imposition of sanctions.
2  Each is addressed in turn.
3       First, counsel argues that two prior motions for summary judgment addressing the
4  retaliation issue have been filed, which show that "defense counsel has not ignored the First
5  Amendment retaliation issue." ECF No. 132 at 2.  According to counsel, after the court rejected
6  the arguments advanced on that issue, any further motion "would have to be carefully considered
7  in order to avoid re-filing a motion on grounds previously rejected, which would be considered as
8  frivolous under Federal Rule of Civil Procedure 11." *Id.*  The argument misstates the record.
9       Prior to the now-pending summary judgment motion, defendants filed only one such
10 motion addressing the retaliation issue, which appears at docket number 49.  After that motion
11 was denied without prejudice as noted above, defendants were given the opportunity to amend the
12 motion and thus could have, and indeed had an obligation to properly brief and support the
13 arguments now advanced as dispositive.  But defense counsel chose not to do so.  Instead, counsel
14 simply renewed without any further briefing the prior, poorly briefed motion that neglected to
15 include the issue now said to be dispositive.  ECF No. 87.  It is duplicitous to now represent that
16 counsel's predecessor endeavored in two distinct motions to brief and dispose of the retaliation
17 issue.
18      Further, counsel's argument manifests little appreciation of the delay and waste of court
19 resources caused by his office's failure to include all relevant arguments and evidence within a
20 timely filed dispositive motion rather than persist in the practice of repeatedly seeking extensions
21 of time to submit untimely successive summary judgment motions after the previous one failed.
22 The arguments currently pending, as well as the new arguments the court allowed counsel to
23 present in the September 2012 summary judgment motion, could all have been presented in a
24 single, timely, and adequately-supported motion.  This is not a case in which certain arguments
25 were somehow unavailable for timely presentation which might otherwise justify a modification
26 of the schedule.  Instead, counsel initially presented some arguments with insufficient evidentiary
27 support and wholly neglected others.  Upon learning that such a motion would not succeed,
28 /////

6

1 counsel asked for another chance and then another. Judicial economy is not served by counsel's
2 piecemeal and untimely approach.

3 Defense counsel next argues that "a change in circumstances" necessitated the filing of yet
4 another summary judgment motion. It is not clear what changed circumstance counsel refers to –
5 he discusses both his assignment to the case in September 2013 and the findings and
6 recommendations issued on July 12, 2013 (ECF No. 115) recommending that defendants' second
7 substantive motion for summary judgment (which addressed only the Eighth Amendment claims,
8 ECF No. 109) be granted.[7] Neither justifies the failure to timely raise and brief in a properly-filed
9 motion the dispositive issue that counsel now wants to litigate. Counsel provides the court with
10 no changed circumstance that explains or excuses the failure of his office to properly brief and
11 present all of its arguments and evidence in support of summary judgment in a motion filed
12 within the time set by the scheduling order.[8]

13 Third, defense counsel argues that sanctions are inappropriate because counsel has "never
14 willfully disobeyed or failed to comply" with the court's schedule. ECF No. 132 at 4. According
15 to counsel, by repeatedly asking for modifications of the schedule, counsel has complied with the
16 schedule. As discussed above, counsel states that each order allowing a modification contained
17 an "implicit" finding that the motion seeking modification was supported by good cause. This is
18 profoundly not the case. The court ordered the prior modifications for the same reason it has

---

[7] Counsel characterizes those findings and recommendations as "in clear contrast" to those issued in response to the initial motion for summary judgment, implying an inexplicable change in course by the court between the two motions. Counsel omits from discussion the all too apparent reason for obtaining a more favorable result on the second summary judgment motion; i.e., better briefing and evidentiary support (including an expert declaration and excerpts of medical records not previously provided).

[8] Counsel's argument in support of its first request to file an untimely summary judgment motion – that it could not reasonably anticipate that the court would consider evidence in the record (submitted by defendants in response to plaintiff's motion to compel) in determining whether triable issues of material fact precluded summary judgment – also presented no "changed circumstance" justifying a modification of the schedule. As noted in the order to show cause rejecting this very argument, counsel ignores the plain language of Rule 56(c)(1)(A). ECF No. 128 at 3 n.3 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where *the record taken as a whole* could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'")).

ordered the most recent modification – to spare the overcrowded docket of the district judge a trial that may not be necessary.[9]  Counsel has not complied with the scheduling order or with Rule 16, but has instead filed successive late summary judgment motions without presenting the court with the good cause required by Rule 16, relying on the court's unwillingness to force a potentially unnecessary and time-wasting trial on the district judge.  Under this approach, "judicial economy" becomes a euphemism for lack of diligence and failure to comply with Rule 16 orders.  While the court cannot proceed with jury trials in matters that should have been addressed with a proper motion for summary judgment, it also cannot countenance such repeated disregard for its time or authority to manage a heavy docket.  Further, the response to the order to show cause manifests no appreciation by defense counsel of the consequences of repeated violations of Rule 16 and the court's scheduling order.

Fourth, counsel argues that "imposing monetary sanctions would send the wrong message," because it would encourage defendants to proceed to trial rather than seek to file a late dispositive motion and risk being sanctioned.  ECF No. 132 at 5.  To the contrary, the message – indeed the rule – that must be enforced is the duty of counsel (including the office of the California Attorney General) to obey Rule 16 and the court's scheduling orders.  *See Colon v. Dolan*, No. 93 Civ. 8915 (KMW)(AJP), 1995 U.S. Dist. LEXIS 16876, at *1 (S.D.N.Y. Nov. 9, 1995) (reminding "the Attorney General's Office that it must comply with Court ordered deadlines just like any other litigant before the court" and noting that "future failures to comply *will* result in the imposition of sanctions").  Counsel's repetition of his "wrong message" argument demonstrates that he continues to miss the point entirely.  The "message" that counsel has yet to appreciate is that the failure to comply with Rule 16 and the court's orders will have consequences regardless of whether that failure forces the court to revise the schedule to avoid

---

[9] This is not an isolated example.  This court has had to order scheduling modifications in other prisoner cases in which a successor deputy attorney general argued judicial economy rather than good cause based on due diligence of the formerly assigned attorney as grounds for setting aside the requirements of Rule 16.  *See, e.g., Hill v. Director of Corrections, et al.,* 2:11-cv-3409-EFB P, ECF No. 45 ("The assertion that the previously assigned Deputy Attorney General 'will be out on extended medical absence for approximately nine months" (ECF No. 43 at 2) says nothing about what efforts were made by that counsel to meet the existing deadlines.").

wasting judicial resources. That principle was explained at length to the currently assigned deputy attorney general at the hearing, and it was reemphasized in the order to show cause.

> . . . at oral argument counsel stated that if the court was considering monetary sanctions then he wanted to withdraw the motion, and further suggested that there was some irony that he might be sanctioned for suggesting a schedule modification consistent with judicial economy. The argument misses the point entirely. Of course cases that can be resolved by appropriate summary judgment motions should be so resolved. Indeed, it was defense counsel's obligation to timely present any appropriate pretrial dispositive motion within the time prescribed by the Rule 16 scheduling order. Not appreciated by counsel is that there were at least three previous opportunities to do so and it was never done. Moreover, there is no attempt to explain why the Office of the California Attorney General could not properly file the motion on behalf of its client, Medina, despite exercising due diligence.

ECF No. 128 at 5-6 (citing *Johnson*, 975 F.2d at 609). The response to the order to show cause steadfastly refuses to accept that principle and has not shown any reason why monetary sanctions should not be imposed here. Instead, counsel's response to the order misrepresents the history of this action, and together with his arguments at the March 19, 2014 hearing, evince a disrespect for the court's time, and an attempt to place the court in the position of either dispensing with Rule 16's good cause standard or summoning jurors and wasting preciously scarce resources for a possibly needless trial.

Scheduling orders issued pursuant to Rule 16 are not simply advisory. Counsel must act diligently to comply with the schedule set according to that rule, including timely presenting appropriate dispositive motions together with proper briefing of all issues and, where necessary, evidentiary support. Modification of Rule 16 orders is permissible, but Rule 16 prescribes the circumstances under which dates set in a scheduling order may be revised. Good cause must be shown to support a request to extend the dates. But Rule 16's "good cause" standard turns on the diligence of the party seeking to modify the schedule and not on defense counsel's conception of judicial economy (which, it must be noted, has required the court (and plaintiff) to devote resources resolving several motions to modify the schedule, when, had counsel been diligent, a single, timely and properly briefed and supported motion for summary judgment would have sufficed).

Lastly, defense counsel seems to believe that the court's time and ability to efficiently handle an overburdened caseload is simply not part of the equation. He argues that sanctions should not be imposed because plaintiff has not been harmed by the repeated failure to file and properly support a comprehensive motion. But each successive motion to modify the schedule to brief issues that counsel did not diligently and timely raise in the earlier brief requires a new response from the court as well as from plaintiff. Furthermore, counsel's failure to obey an order that appropriate dispositive motions be properly briefed and presented by a certain deadline must leave the court with more options than those presented by counsel here; i.e., a choice between compliance with the standard required by Rule 16(b)(4) or proceeding with a trial in an action that may very well present no genuine factual dispute. There is a third option. The drafters of the Rule prescribed the appropriate remedial course. Rule 16(f)(1) states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: [ ] (C) fails to obey a scheduling order." Fed. R. Civ. P. 16(f)(1)(C).

Regrettably, defense counsel (current and formerly assigned counsel, collectively) repeatedly have disregarded the scheduling order in this case and have shown no appreciation for the waste of resources this lack of diligence has caused. Accordingly, the court imposes monetary sanctions of $500 jointly and severally on current defense counsel, R. Lawrence Bragg, and the Attorney General's Office for the State of California. The court imposes sanctions on the Attorney General's Office in part based on the conduct of Mr. Bragg and prior counsel, Phillip L. Arthur, but also because "it is the responsibility of that office to hire [attorneys] who are capable of performing the work assigned to them, to supervise those [attorneys] to insure that they are meeting their responsibilities to their clients, their adversaries, and to the Court, and to monitor each of the cases within the Office to insure that the Office's clients are being at least adequately, if not well, represented." *Pearson v. Coughlin*, No. 92 CIV. 1869 (DLC), 1995 U.S. Dist. LEXIS 8409, at *17-18 (S.D.N.Y. June 20, 1995) (imposing sanctions on a State attorney general's office where "the repeated breakdowns evident in this case could not have occurred had [the assistant attorney general] been adequately supervised, or the status of the case periodically monitored").

/////

### III. Order

For the reasons stated above, IT IS HEREBY ORDERED that, within fourteen (14) days of this order, R. Lawrence Bragg and/or the California Office of the Attorney General shall pay the Clerk of Court $500 in monetary sanctions for their failure to comply with Federal Rule of Civil Procedure 16 and the court's scheduling order.

DATED: June 17, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE