UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY MORENO,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID MEDINA, et al.,<br><br>  Defendants. | No.  2:08-cv-1344-JAM-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The case concerns plaintiff's treatment by various prison healthcare providers and proceeds now solely on plaintiff's claim that defendant Medina retaliated against him by refusing him pain medication because plaintiff would not drop an administrative grievance.  ECF Nos. 115, 117.  Currently before the court are plaintiff's two motions for preliminary injunctive relief.  ECF Nos. 123, 126.  Because these motions concern events that are not the subject of this litigation, such relief must be denied.

In his first motion for an injunction, plaintiff complains that his housing has been changed such that he is exposed to inmates who wish to harm him because of his status as a former gang member.  ECF No. 123.  He asks the court to order the warden of his prison to house him in a certain administrative segregation unit.  *Id.*

In his second motion, plaintiff complains that officials at his prison are ignoring his requests to be housed in a single cell.  ECF No. 126.  According to plaintiff, he suffers from

1

mental health problems that cause him to harbor homicidal thoughts regarding his cellmates. *Id.* He alleges that officials are ignoring this problem in order to "set him up" in retaliation for the instant lawsuit. *Id.*

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff has not shown serious questions going to the merits of this action and the requested injunctions must be denied. His motions do not even address the issue in this case, which relate to plaintiff's medical care. Instead, the motions concern entirely different events (plaintiff's housing placements) and contain no argument on the subject matter of this case.

/////

Moreover, the allegations contained in the motions for preliminary injunctive relief must be raised in another lawsuit after those claims have been properly exhausted. The law requires that plaintiff exhaust his allegations through the institutional grievance system before raising them in federal court. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011).

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's motions for preliminary injunctive relief (ECF Nos. 123 and 126) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE